# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISOM LOWMAN, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:15-cv-02116-ELR |
| PLATINUM PROPERTY ) | |
| MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant Platinum Property Management Services, Inc. ("Defendant"), pursuant to Local Rule 7.1(A)(1) files this Memorandum of Law in support of its Motion to Dismiss Plaintiff Isom Lowman, Jr. ("Plaintiff")'s Complaint.

### INTRODUCTION

Plaintiff's allegations in the Complaint rely entirely on the denial of his rental application. The problem is that Defendant actually **approved** Plaintiff's rental application.[1] After approval, Plaintiff indicated that he had already signed a

---

[1] As part of his Complaint, Plaintiff only included portions of an e-mail chain between him and Defendant. Defendant has attached a full and complete copy of

lease with another landlord.  Plaintiff's frivolous housing discrimination claims must be dismissed.

## THE ALLEGATIONS IN THE COMPLAINT AND THE UNDISPUTED STATEMENTS IN THE E-MAIL CHAIN

Plaintiff is an African-American male who owns at least two franchises.[2]  In February 2015, Plaintiff was searching for a rental property in Decatur, Georgia.[3]  Plaintiff contacted Defendant and said that he was interested in viewing a potential rental property located at 1208-4 Scott Boulevard in Decatur.[4]  Plaintiff filled out a rental application through Defendant's website and attached a bank statement.[5]  He also attached an illegible copy of his driver's license.[6]

Defendant contacted Plaintiff and requested additional paperwork as part of the rental application process.[7]  The additional items requested included full copy

---

the e-mail chain between Plaintiff and Defendant this motion to dismiss as Exhibit "A" for the Court's consideration.

[2] (Complaint ¶¶ 5, 7.)

[3] (*Id.* ¶ 10.)

[4] (*Id.* ¶ 11.)

[5] (*Id.* ¶ 16; Ex. A at 8.)

[6] (Ex. A at 7.)

[7] (*Id.* ¶ 17; Ex. A at 7.)

of Plaintiff's tax return, because Defendant had only submitted a summary of his tax return, and a legible copy of his driver's license.[8] Defendant informed Plaintiff that if a full tax could not be supplied, then Plaintiff's rental application would have to be denied.[9] Plaintiff supplied a fully copy of his tax return and a legible copy of his driver's license.[10] Interestingly, Plaintiff copied his legal counsel on this e-mail.[11]

Plaintiff then sent Defendant an e-mail which stated ""You have all of your requested items. What is your decision?"[12] Defendant immediately responded that Plaintiff's application had been approved that same day, inquired about the rental term length desired by Plaintiff, and mentioned move-in dates to Plaintiff.[13] Two hours later, Plaintiff said he was no longer interested in the Property and that he had signed a lease with another landlord.[14]

---

[8] (*Id.* ¶ 20, Ex. A at 7.)

[9] (Ex. A at 6.)

[10] (*Id.* ¶ 35, Ex. A at 3.)

[11] (Ex. A at 3.)

[12] (Ex. A at 2.) Plaintiff omitted this portion of the e-mail chain from the Complaint.

[13] (Ex. A at 2.)

[14] (Ex. A at 1.)

ARGUMENT AND CITATION TO AUTHORITY

1. **Standard of Review on a Motion to Dismiss.**

"Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a " 'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[15]. "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief [.]' "[16]

2. **The Court may consider undisputed documents attached to a Motion to Dismiss which are central to Plaintiff's claims.**

This Court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to plaintiff's claim, and (2) undisputed.[17] In support of his claims, Plaintiff attached to the Complaint a copy of an e-mail chain between him and

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007).

[16] *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Twombly*, 550 U.S. at 556-57).

[17] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F.,3d 799, 802 n.2 (11th Cir. 1999)).

Defendant.[18]  Plaintiff, however, failed to include a full and complete copy of that chain.  Defendant has attached a full and complete copy to this Motion to Dismiss.[19]  This full and complete copy is undisputed as the e-mail chain took place between Plaintiff and Defendant, and at times Plaintiff's own counsel was carbon copied.  This Court should therefore consider the full and complete copy of the e-mail chain when ruling on Defendant's motion to dismiss.

### 3. **Plaintiff's claims under Section 3604(a) of the Fair Housing Act (Count I) and the Georgia Fair Housing Act (Count III) fail as a matter of law because his rental application was approved.**

Contrary to Plaintiff's allegations in the Complaint, as evidenced by the e-mail chain between Plaintiff and Defendant, Defendant actually approved Plaintiff's rental application.  To succeed on a housing discrimination claim under Section 3604(a) of the Federal Fair Housing Act (the "FHA"), the plaintiff must establish (1) that he was a member of a racial minority, (2) that he applied for and was qualified to rent certain property, (3) that he was rejected, and (4) that the rental property remained available thereafter.[20]  Section (a)(1) of the Georgia Fair

---

[18] (Compl., Ex. A.)

[19] (Ex. A.)

[20] *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634-35 (6th Cir. 2000) (citing *Schanz v. Village Apartments,* 998 F.Supp. 784, 788 (E.D.Mich. 1998); *see*

Housing Act (the "GFHA") reads substantially similar to Section 3604(a) of the FHA.[21]  Plaintiff alleges that Defendant violated Section 3604(a) of the FHA by "refus[ing] to sell or rent a dwelling to a person who has made a bona fide offer, because of race…." [22]  And that Defendant violated Section (a)(1) of the GFHA by "refus[ing] to sell or rent after the making of a bona fide offer … or deny, a dwelling to any person because of race."[23]

Plaintiff submitted his rental application on February 3, 2015.  On February 4, Defendant asked Plaintiff for additional paperwork, including a full copy of his tax return.  Plaintiff provided a full copy of his tax return to Defendant.  The next day Plaintiff sent Defendant an e-mail stating "You have all of your requested items. What is your decision?"  Defendant immediately responded that it had

---

*also Secretary, U.S. Dept. of Housing and Urban Development, on Behalf of Herron v. Blackwell,* 908 F.2d 864, 870 (11th Cir. 1990) (in context of HUD bringing a housing discrimination lawsuit); *Sallion v. SunTrust Bank*, *Atlanta*, 87 F.Supp.2d 1323, 1329 (N.D.Ga. 2000) (in context of bank's decision to deny individual's loan application).

[21] O.C.G.A. § 8-3-202(a)(1).  The only difference between the two is that GFHA adds "disability" to the listed protected classes.

[22] (Compl. ¶ 40 (citing 42 U.S.C. § 3604(a)).

[23] (Compl. ¶ 49 (citing O.C.G.A. § 8-3-202(a)(1)).

6

approved Plaintiff's rental application, inquired about the rental term length desired by Plaintiff, and mentioned move-in dates to Plaintiff. Two hours later, Plaintiff said he was no longer interested in the Property and that he had signed a lease with another landlord.

Plaintiff is unable to establish that Defendant rejected his rental application. Instead, Defendant approved Plaintiff's rental application only two days after Plaintiff submitted his rental application and after Plaintiff submitted the requested full tax return and a legible copy of his driver's license. Plaintiff's claims under Section 3604(a) of the FHA (Count I) and under Section (a)(1) of the GFHA (Count III)[24] must therefore be dismissed.

## 4. Plaintiff's claim under 24 C.F.R. § 100.60(b)(4) (Count I) fails as a matter of law because it is not an additional distinct cause of action.

Plaintiff's claim under a regulation interpreting the FHA is not a separate cause of action. The express intent of Section 100.60 is to interpret the rights

---

[24] *See Steele v. City of Wentworth*, 2008 WL 717813 *13 (S.D.Ga. Mar. 17, 2008) (Moore, J.) (plaintiff's claim under O.C.G.A. § 8-3-202(2) dismissed because the GFHA language is identical to Section 3604(b) of the FHA).

provided by the FHA.[25]  Section 100.60 therefore does not create a separate cause of action.[26]

Plaintiff is still bound to establish his prima facie case under the FHA, which requires among other things, that Defendant denied his rental application.  As discussed *supra* § 3, Plaintiff cannot show that critical element of his right of recovery under the FHA.  Accordingly, the claim that Defendant violated Section 100.60(b)(4) does not allege a separate cause of action, but instead provides an equally unsuccessful variation of Plaintiff's flawed claim under the FHA.

---

[25] *See* 24 C.F.R. § 100.5 ("This part provides the Department's interpretation of the coverage of the Fair Housing Act…"); *see also The Comm. Concerning Cmty. Improvement v. City of Modesto,* 583 F.3d 690, 712 (9th Cir. 2009) (24 C.F.R. § 100.400(c) implements section 3617 of the FHA)

[26] *Alexander v. Sandoval*, 532 U.S. 275, 286, 291 (2001) (private rights of action must be created by Congress, not by regulations. "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not.")

5. **<u>Plaintiff's claim under 42 U.S.C. § 1982 (Count II) fails as a matter of law because his claim under the Fair Housing Act fails as a matter of law.</u>**

A plaintiff must establish the same elements for a claim under Section 1982 as he would under the FHA.[27] As discussed *supra* § 3, Plaintiff is unable to show that his rental application was rejected. Accordingly, like his FHA claim, Plaintiff's Section 1982 claim must also be dismissed.

6. **<u>Plaintiff's claims for attorney fees and punitive damages fail as a matter of law because all of his other claims must be dismissed.</u>**

Punitive damages,[28] attorney fees and costs of litigation[29] are contingent upon a finding of damages against the defendant. All of Plaintiff's claims fail as a matter of law and therefore his claims for punitive damages, attorney fees and costs of litigation must also fail as a matter of law.

---

[27] *See Farrior v. H.J. Russell & Co*, 45 F.Supp. 2d 1358, 1367-68 (N.D.Ga. 1999)

[28] *Synergy Worldwide, Inc. v. Long, Haymes, Carr, Inc.*, 44 F. Supp.2d 1348, 1358 (N.D.Ga. 1998) (citing *Southern General Ins. Co. v. Holt*, 262 Ga. 267, 270 (1992)).

[29] *See, Gardner v. Kinney,* 230 Ga. App. 771, 772 (1998).

## CONCLUSION

Defendant requests that this Court dismiss the Complaint, tax all costs against Plaintiff, and award Defendant any other relief deemed necessary and appropriate.

Respectfully submitted, this 7th day of July, 2015.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

/s/ David S. Klein
David S. Klein
Georgia Bar Number 183389
Attorney for Defendants

One Alliance Center, 4th Floor
3500 Lenox Road, NE
Atlanta, Georgia  30326
(404) 926-4694
davidklein@wncwlaw.com

## **CERTIFICATE OF FONT AND POINT SELECTION**

The undersigned counsel hereby certifies, pursuant to L.R. 7.1(D), N.D. Ga., that the foregoing document was prepared in Times New Roman, 14 point font, which is one of the font and point selections approved in L.R. 5.1, N.D. Ga.

/s/ David S. Klein
David S. Klein
Georgia Bar No. 183389

## **CERTIFICATE OF SERVICE**

This is to certify that on the 7th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Steven G. Hall
Sabrina Lynn Atkins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree St., N.E.
Atlanta, GA 30326-1164

/s/ David S. Klein
David S. Klein
Georgia Bar No. 183389